## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MINNESOTA LAWYERS MUTUAL | : | |
| INSURANCE COMPANY | : | |
| 333 South Seventh Street | : | |
| Suite 2200 | : | |
| Minneapolis, MN 55402 | : | |
| | : | Case: 1:07-cv-01038 |
| Plaintiff, | : | Assigned To: Urbina, Ricardo M. |
| | : | Assign Date: 6/11/2007 |
| v. | : | Description: Contract |
| | : | |
| WESTERMAN, HATTORI, DANIELS & | : | |
| ADRIAN, LLP | : | |
| 1250 Connecticut Avenue, N.W. | : | |
| Suite 700 | : | |
| Washington, DC 200036 | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO COMPEL ARBITRATION
## AND TO STAY THE COMPLAINT PENDING ARBITRATION

Defendant Westerman, Hattori, Daniels & Adrian, LLP, by and through undersigned counsel, respectfully submits this Motion to Compel Arbitration and to Stay the Complaint Pending Arbitration pursuant to the District of Columbia Uniform Arbitration Act, D.C. Code §§ 16-4301, et seq.

## RULE 7(m) CERTIFICATION

Consent to the relief requested herein was sought and obtained from Plaintiff's counsel on October 26, 2007.

Respectfully submitted,

October 29, 2007

_____ /s/ _____

Philip H. Hecht (Bar No. 333286)
Jonathan D. Borrowman (Bar No. 490816)
Sundeep R. Patel (Bar No. 973818)
 KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP
 1601 K Street, N.W.
 Washington, D.C.  20006
 Telephone:  (202) 778-9000
 Facsimile: (202) 778-9100
 E-mail: philip.hecht@klgates.com
 E-mail: jon.borrowman@klgates.com
 E-mail: sundeep.patel@klgates.com
 Counsel for Defendant Westerman, Hattori, Daniels &
 Adrian, LLP

## **CERTIFICATE OF SERVICE**

I certify that on October 29, 2007, a copy of the Motion to Compel Arbitration and to

Stay the Complaint Pending Arbitration and Proposed Order was filed via the electronic case

filing system of the United States District Court for the District of Columbia and, accordingly,

that the Court will send notice of this filing electronically to:

> Joseph F. Cunningham
> Cunningham & Associates, PLC
> 1600 Wilson Boulevard, Suite 905
> Arlington, VA 22209
> Telephone: (703) 294-6500
> Facsimile: (703) 294-4885
> Counsel for plaintiff  Minnesota
> Lawyers Mutual Insurance
> Company

> _____/s/_____
> Jonathan D. Borrowman (Bar No. 490816)
> KIRKPATRICK & LOCKHART
>     PRESTON GATES ELLIS LLP
> 1601 K Street, N.W.
> Washington, D.C.  20006
> Telephone:  (202) 778-9000
> Facsimile: (202) 778-9100
> E-mail: jon.borrowman@klgates.com
> Counsel for Defendant Westerman, Hattori,
> Daniels & Adrian, LLP

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MINNESOTA LAWYERS MUTUAL | : | |
| INSURANCE COMPANY | : | |
| 333 South Seventh Street | : | |
| Suite 2200 | : | |
| Minneapolis, MN  55402 | : | |
| | : | Case: 1:07-cv-01038 |
| Plaintiff, | : | Assigned To: Urbina, Ricardo M. |
| | : | Assign Date: 6/11/2007 |
| v. | : | Description: Contract |
| | : | |
| WESTERMAN, HATTORI, DANIELS & | : | |
| ADRIAN, LLP | : | |
| 1250 Connecticut Avenue, N.W. | : | |
| Suite 700 | : | |
| Washington, DC  200036 | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO STAY THE COMPLAINT PENDING
ARBITRATION**

Defendant Westerman, Hattori, Daniels & Adrian, LLP, by and through undersigned

counsel, respectfully submits this Memorandum of Points and Authorities in Support of

Defendant's Motion to Compel Arbitration and to Stay the Complaint Pending Arbitration

pursuant to the District of Columbia Uniform Arbitration Act ("Arbitration Act"), D.C. Code §§

16-4301, et seq.

**STATEMENT OF FACTS**

On June 11, 2007, Plaintiff Minnesota Lawyers Mutual Insurance Company ("MLM")

filed a Complaint seeking a declaratory judgment against WHDA.  In the Complaint, MLM

requests this Court to enter "judgment in its favor determining it has no duty to defend or provide

insurance coverage to Westerman for any act, error or omission in the provision of legal services

related to the case of Stevens v. Tamai . . . ."  Compl. at 6.   By agreement of the parties,

WHDA's response to the Complaint is due on or before October 29, 2007. See Waiver of Service of Summons dated August 30, 2007 (attached as Exhibit 1).

MLM issued Lawyers Professional Responsibility Insurance Policy (the "Policy") to WHDA for the period of October 1, 2003 to October 1, 2004 (attached as Exhibit 2). The Policy contains the following provision:

> If WE and the named INSURED disagree as to the interpretation, validity, construction or enforceability of this insurance policy, either party may make a written demand that these issues be determined by arbitration. In this event, each party shall select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days as to the identity of the third arbitrator, either party may request that the selection of the third arbitrator be made by a judge of District Court in District of Columbia. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally.
>
> Arbitration will take place at a mutually agreed upon location in District of Columbia. A decision agreed to by two of the arbitrators will be binding. In the event this arbitration clause is inconsistent with the Uniform Arbitration Act, District of Columbia Arbitration statutes will apply.

Exhibit 2 at District of Columbia Changes Endorsement.

Pursuant to the Policy's arbitration provision, WHDA made a written demand on MLM that the issues in the Complaint be determined by arbitration. Also, pursuant to Local Rule 7, WHDA contacted counsel for MLM on October 25, 2007, to obtain consent to the relief requested herein. On October 26, 2007, counsel for MLM agreed to stay its Complaint pending arbitration.

## ARGUMENT

### A.    Arbitration Should be Compelled.

The Arbitration Act requires courts to compel the arbitration of disputes where the parties have agreed in writing to submit those disputes to arbitration. Two findings are required in order to compel arbitration pursuant to the Arbitration Act: (1) whether the parties have an enforceable agreement to arbitrate and; (2) if so, whether the underlying dispute between the

parties falls within the scope of the agreement.  <u>Meshel v. Ohev Sholom Talmud Torah</u>, 869 A.2d 343, 354 (D.C. 2005).  The Arbitration Act reflects the "fundamental and powerful policy embodied in modern arbitration statutes that favors voluntary commercial arbitration."  <u>See Pisciotta v. Shearson Lehman Bros., Inc.</u>, 629 A.2d 520, 522 (D.C. 1993) (internal quotation marks omitted).

District of Columbia law strongly favors resolution of contractual disputes by arbitration where the relevant contract contains an arbitration provision.  <u>Friend v. Friend</u>, 609 A.2d 1137, 1139 (D.C. 1992).  Where the parties have entered a contract requiring arbitration of disputes, courts are required to resolve any doubts in favor of arbitration.  <u>Friend</u>, 609 A.2d at 1139. Moreover, District of Columbia recognizes that decisions under the Federal Arbitration Act ("FAA") are persuasive authority.  <u>Masurovsky v. Green</u>, 687 A.2d 198 (D.C. 1996); <u>Hercules & Co. v. Shama Restaurant Corp.</u>, 613 A.2d 916 (D.C. 1992).  Construing the FAA, the Supreme Court has stated, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  <u>Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 24-25 (1983).

### 1. The Arbitration Provision Applies to the MLM Complaint.

The Policy constitutes a valid binding contract between the parties, and MLM's declaratory judgment claim falls directly within the scope of the Policy's arbitration provision. The relief requested by MLM in its Complaint cannot be granted by the Court without consideration of the parties' Policy.  The strong federal policy in support of arbitration of disputes militates in favor of compelling arbitration and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  <u>Moses H. Cone Mem. Hosp.</u>, 460 U.S. at 24-25.

Arbitration should be ordered unless it can be said with certainty that the arbitration provision cannot be interpreted to cover the dispute. <u>Booker v. Robert Half Intern., Inc.</u>, 315 F. Supp. 2d 94, 97 (D.D.C. 2002) (citing <u>AT&T Technologies, Inc. v. Communications Workers of Am.</u>, 475 U.S. 643, 650 (1986)). Thus, a trial court must determine if a particular arbitration clause is "susceptible of an interpretation" that arbitration is required for a particular dispute. <u>Haynes v. Kuder</u>, 591 A.2d 1286, 1289 (D.C. 1991).

The scope of the parties' arbitration provision is broad and provides, without limitation, for binding arbitration for disagreements "as to the interpretation, validity, construction, or enforceability of this insurance policy." <u>See</u> Exhibit 2 at District of Columbia Changes Endorsement. MLM's Complaint for declaratory judgment plainly requires interpretation of the terms of the Policy, insofar as it requests that this Court order that MLM has "no duty to defend or provide insurance coverage to Westerman for any act, error or omission in the provision of legal services related to the case of <u>Stevens v. Tamai</u> . . . ." Compl. at 6. MLM's duty to indemnify, however, is subject to the terms of the Policy. As such, a declaration of MLM's obligation to defend and indemnify WHDA could not be granted without considering the terms of the Policy, which includes the arbitration clause. MLM's Complaint and the relief requested therein is therefore subject to the Policy's arbitration provision.

## <u>CONCLUSION</u>

For the foregoing reasons, WHDA respectfully requests that the Court: (1) find that the arbitration clause in the Policy is valid, enforceable, and applicable to the Complaint filed by MLM; (2) compel MLM to arbitrate its issues in the Complaint in accordance with the arbitration provision; and (3) stay all claims in the Complaint against WHDA.

Respectfully submitted,

October 29, 2007

_____/s/  Philip H. Hecht_____
Philip H. Hecht (Bar No. 333286)
Jonathan D. Borrowman (Bar No. 490816)
Sundeep R. Patel (Bar No. 973818)
KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP
 1601 K Street, N.W.
 Washington, D.C.  20006
 Telephone:  (202) 778-9000
 Facsimile: (202) 778-9100
 E-mail: philip.hecht@klgates.com
 E-mail: jon.borrowman@klgates.com
 E-mail: sundeep.patel@klgates.com
 Counsel for Defendant Westerman, Hattori, Daniels & Adrian, LLP

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 29, 2007, a copy of the Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Compel Arbitration and to Stay the Complaint Pending Arbitration was filed via the electronic case filing system of the United States District Court for the District of Columbia and, accordingly, that the Court will send notice of this filing electronically to:

> Joseph F. Cunningham
> Cunningham & Associates, PLC
> 1600 Wilson Boulevard, Suite 905
> Arlington, VA 22209
> Telephone: (703) 294-6500
> Facsimile: (703) 294-4885
> Counsel for plaintiff  Minnesota
> Lawyers Mutual Insurance
> Company

> _____/s/_____
> Jonathan D. Borrowman (Bar No. 490816)
> KIRKPATRICK & LOCKHART
>     PRESTON GATES ELLIS LLP
> 1601 K Street, N.W.
> Washington, D.C.  20006
> Telephone:  (202) 778-9000
> Facsimile: (202) 778-9100
> E-mail: jon.borrowman@klgates.com
> Counsel for Defendant Westerman, Hattori,
> Daniels & Adrian, LLP

EXHIBIT 1

# WAIVER OF SERVICE OF SUMMONS

To:     Joseph F. Cunningham, attorney for Minnesota Lawyers Mutual Insurance Company.

I acknowledge receipt of your request that I waive service of a summons in the action of Minnesota Lawyers Mutual Insurance Company v. Westerman, Hattori, Daniels & Adrian, LLP, which is docket number 1:07-cv-01038 in the United States District Court for the District of Columbia.  I have also received a copy of the complaint in the action, two copies of this Waiver and means by which I can return the Waiver to you without cost to me.

I agree to save the cost of service in this action by not requiring that my client be formally served with judicial process in the manner provided by Rule 4.

My client will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on defect in the summons or service of summons.

I understand that a default judgment may be entered against my client if an Answer or motion under Rule 12 is not served upon you within 60 days after August 30, 2007.

Sept. 10, 2007
Date

_Philip H. Hecht_
Signature

_Philip H. Hecht_
(print name)
as attorney for defendant Westerman, Hattori, Daniels & Adrian, LLP

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must (within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant, by waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

# PROLEGIA

**DECLARATIONS**
EXHIBIT 2

FROM MINNESOTA LAWYERS MUTUAL INS. CO.

*Issued by*

Policy Number   8796   01

## MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY

333 South Seventh Street, Suite 2200; Minneapolis, MN 55402

(612) 341-4530      (800) 422-1370      fax (612) 349-6865

## LAWYERS PROFESSIONAL LIABILITY POLICY
## (THIS IS A CLAIMS-MADE POLICY - READ CAREFULLY)

**Item 1.**
Named Insured
   Westerman, Hattori, Daniels & Adrian, LLP
Office Address
   1250 Connecticut Avenue, NW
   Washington, DC 20036

**Item 2.**
Policy Period

   10/01/2003                    to                    10/01/2004
   (the Effective Date)                              (the Expiration Date)
   12:01 A.M., standard time at the address of the Named Insured stated herein

**Item 3.**
Limits of Liability        $   5,000,000      Per Claim

                           $   5,000,000      Aggregate

**Item 4.**
Deductible Amount          $      25,000      Per Claim

**Item 5.**
TOTAL NUMBER OF LAWYERS:    17          TOTAL PREMIUM:  $41,106

**Item 6.**
Applicable Forms and Endorsements:
   MLM-19 (1-92), MLM-211 (1-01), MLM-2000 (6-00), MLM-74 (6-00)

In witness whereof, Minnesota Lawyers Mutual Insurance Company has caused this policy to be signed by its President and Secretary and countersigned by a duly authorized agent of the Company.

MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY

BY   *John F. Bowden*
     John J. Bowden, Secretary

BY   *Joseph H. Bixler*
     Joseph H. Bixler, President

     *Carlene L. Orloff*
     Authorized Agent

MLM-34 (5-94)

DEC15

# PROLEGIA

EXHIBIT 2

FROM MINNESOTA LAWYERS MUTUAL INS. CO.

*Issued by*

**MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY**

| Named Insured | | Endorsement Number |
|---|---|---|
| | | |
| Policy Number | Policy Period | Effective Date of Endorsement |
| | | |

The above information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## INDIVIDUAL PRIOR ACTS RETROACTIVE DATE ENDORSEMENT

It is agreed that the PRIOR ACTS RETROACTIVE DATE for the following individuals are listed below:

| INDIVIDUAL | PRIOR ACTS RETROACTIVE DATE |
|---|---|
| Stephen G. Adrian | 10/01/03 |
| M. Scott Alprin | 10/01/03 |
| Thomas E. Brown | 10/01/03 |
| Michael J. Caridi | 10/01/03 |
| Scott M. Daniels | 10/01/03 |
| Joseph L. Felber | 10/01/03 |
| Ken I. Hattori | 10/01/03 |
| Jr., Edward F. Kenehan | 10/01/03 |
| Sadao Kinashi | 10/01/03 |
| John P. Kong | 10/01/03 |
| Yasuhisa Kurose | 10/01/03 |
| Michael N. Lau | 10/01/03 |
| Thomas J. Macpeak | 10/01/03 |
| Kenneth H. Salen | 10/01/03 |
| Nicolas E. Seckel | 10/01/03 |
| William F. Westerman | 10/01/03 |
| Shuji Yoshizaki | 10/01/03 |

Words and phrases that appear in **all capital letters**  have special meaning. Please refer to the *Definitions* section of the policy.



# PROLEGIA

A FULL SERVICE PROGRAM FOR LAWYERS

*Issued by*

## MINNESOTA  LAWYERS  MUTUAL INSURANCE COMPANY

EXHIBIT 2

---

## LAWYERS PROFESSIONAL LIABILITY INSURANCE
## CLAIMS-MADE POLICY

**COVERAGE**

WE will pay all sums up to the limit of OUR liability, which the INSURED may be legally obligated to pay as DAMAGES:

(1)  Due to any CLAIM arising out of any act, error or omission of the INSURED or a person for whose acts the INSURED is legally responsible; and

(2)  Resulting from the rendering or failing to render legal or notary services for others, including acts, errors or omissions as administrator, conservator or guardian, executor or personal representative, trustee or escrow agent, title insurance agent, mediator, arbitrator or other participant in a dispute resolution process.

Provided, however, a CLAIM is covered only if first made and reported to US during the POLICY PERIOD and the CLAIM results from a wrongful act, error or omission which occurred on or after the retroactive date shown on the prior acts endorsement attached to this policy.  A CLAIM is deemed first made and reported on the date you first  report an incident or demand to US or OUR agent.

**DEFENSE AND SETTLEMENT**

WE have the exclusive right to investigate and negotiate CLAIMS and WE will defend any suit seeking DAMAGES against the INSURED for which this policy affords coverage.

WE will not settle a CLAIM without the written consent of the INSURED.  If, however, the INSURED refuses to consent to any settlement recommended by US and elects to contest the CLAIM or continue legal proceedings, then OUR liability for the CLAIM will not exceed the amount for which the CLAIM could have been settled within the applicable limit including CLAIM EXPENSE incurred with OUR consent to the date of such refusal.

The INSURED must cooperate with US for the purpose of investigation and defense without charge by the INSURED or reimbursement of the INSURED's expenses.

After WE have paid the limit of liability:

(1)  WE will not be obligated to pay any CLAIM, judgment or expense.

(2)  WE will not be obligated to undertake or continue the defense or investigation of any CLAIM or suit.

(3)  WE will withdraw from any suit WE are defending by tendering the defense to the INSURED, which tender the INSURED must accept.

**TERRITORY**

This policy applies to any act, error or omission which occurs anywhere in the world, provided the CLAIM is made and the suit is brought within the United States and its territories or Canada.

**CLAIMS-MADE PROVISIONS**

This policy affords coverage for CLAIMS first reported to US during the POLICY PERIOD or extended reporting period, if the act, error or omission occurred during the POLICY PERIOD.  This policy also covers CLAIMS resulting from any act, error or omission which occurred prior to the POLICY PERIOD and on or after the PRIOR ACTS RETROACTIVE DATE if the INSURED had no knowledge of facts which could reasonably support a CLAIM at the effective date of this policy.

Any CLAIM arising out of the same, related or continuing legal services which resulted in a CLAIM prior to the first policy issued to the INSURED by US will not be covered.

---

EXHIBIT 2

**DEFINITIONS**

The term "CLAIM(S)" means a demand or suit received by the INSURED for money or services. It also means any incident which could reasonably support such a demand or any communication or notice to the INSURED of a potential CLAIM. CLAIM(S) do not include disciplinary proceedings.

The term "CLAIM EXPENSE(S)" includes fees charged by an attorney(s) retained by US to defend CLAIMS and all expenses incurred by US or with OUR consent in the investigation and negotiation of any CLAIMS. Salary charges or expenses of OUR regular employees are not included. Expenses of, or charges by, the INSURED without OUR prior written consent are not CLAIM EXPENSES.

The term "DAMAGES" means monetary judgments or monetary settlements. "DAMAGES", however, does not include any of the following:
(1) any fine, penalty or sanction imposed by law or otherwise, assessed against any INSURED;
(2) punitive or exemplary damages, whether or not allowed by statute or common law; or
(3) legal fees, costs or disbursements paid or owed to the INSURED or paid or owed by the INSURED.

The term "INSURED" includes:
(1) the named INSURED in Item 1 of the declarations and any PREDECESSOR FIRM;
(2) any current partner or employee of the named INSURED for legal services rendered:
    (a) on behalf of the named INSURED; or
    (b) prior to their relationship with the named INSURED , subject to the PRIOR ACTS RETROACTIVE DATE, if any;
(3) any former partner or employee for former acts, errors or omissions in legal services on behalf of the named INSURED and who is not at the time the CLAIM is made engaged in the private practice of law;
(4) the heirs, assigns and legal representative of the named INSURED in the event of the INSURED's death, incapacity or bankruptcy to the extent that the INSURED would have been covered; and
(5) any lawyer who is acting as of counsel lawyer and:
    (a) is named and described in the application as of counsel; and
    (b) is performing legal services on behalf of the named INSURED.

The term "PART-TIME EMPLOYED ATTORNEY OF A GOVERNMENTAL BODY, SUBDIVISION OR AGENCY" means an attorney who regularly engages in a private law practice and maintains a separate law office for that purpose in addition to acting as an employee of a governmental body, subdivision or agency.

The term "POLICY PERIOD" means the period from the effective date of the policy to the expiration date or earlier termination date of this policy. Any extended reporting period is excluded.

The term " PREDECESSOR FIRM" means any law firm to whose liabilities the named INSURED is the majority successor in interest.

The term "PRIOR ACTS RETROACTIVE DATE" means the date before which no act, error or omission is covered even if a CLAIM resulting therefrom is reported during the POLICY PERIOD or extended reporting period.

The terms "WE", "US" and "OUR" refer to Minnesota Lawyers Mutual Insurance Company.

**EXCLUSIONS**

This policy does not afford coverage for the following:
(1) any CLAIM for DAMAGES arising out of the dishonest, criminal, malicious or deliberately fraudulent act, error or omission of the INSURED.
(2) any CLAIM arising out of bodily injury, sickness or death of any person or damage to or loss of use of any tangible property.
(3) any CLAIM arising out of legal services or advice rendered by any INSURED in connection with any business not named in the declarations:
    (a) which is owned by any INSURED;
    (b) in which any INSURED is a partner or employee; or
    (c) which is controlled, operated or managed by any INSURED individually, or in a fiduciary capacity; including the ownership, maintenance or use of property.
This exclusion does not apply if at the time such legal service or advice was rendered, any INSURED had a total pecuniary or beneficial interest of less than 10% of such business enterprise.
(4) any CLAIM made by an employer against an INSURED who is a salaried employee of such employer, unless the CLAIM is made against an INSURED acting as a PART-TIME EMPLOYED ATTORNEY OF A GOVERNMENTAL BODY, SUBDIVISION OR AGENCY.
(5) any loss sustained by an INSURED as a beneficiary or distributee of any trust or estate.
(6) any CLAIM arising out of an INSURED's activities as an officer or director of an employee trust, charitable organization, corporation, company or business other than that of the named INSURED.
(7) any CLAIM arising out of an INSURED's activities as an elected public official or as a salaried employee of a governmental body, subdivision or agency thereof, unless the CLAIM arises out of professional legal services rendered as a PART-TIME EMPLOYED ATTORNEY OF A GOVERNMENTAL BODY, SUBDIVISION OR AGENCY.

    (8)   any CLAIM arising out of an INSURED's activities as a fiduciary under the Employee Retirement Income Security Act of 1974, its amendments and any regulation or order issued pursuant thereto.  This exclusion does not apply if the INSURED is deemed to be a fiduciary solely by reason of legal advice rendered with respect to an employee benefit plan.

    (9)   any CLAIM based upon or arising out of alleged discrimination by the INSURED including those based on race, creed, age, sex, marital status or sexual preference.

    (10)  any CLAIM based upon or arising out of alleged sexual harassment by the INSURED.

    (11)  any CLAIM made against an INSURED if such CLAIM arises out of an act, error or omission, or personal injury of a lawyer with whom the INSURED shares office space or common facilities, if that lawyer is not also an INSURED under this policy.

    (12)  any CLAIM made against an INSURED if such CLAIM arises out of any indemnity agreement entered into by an INSURED.

    (13)  any CLAIM arising out of:
        (a)   promotion, solicitation or sale of securities or other investments by the INSURED; or
        (b)   performance of securities or other investments recommended, directed or made by the INSURED.

**INNOCENT INSURED PROTECTION**

If a CLAIM is made because of the dishonest, fraudulent, malicious or criminal act, error or omission of an INSURED, WE will cover any INSURED who did not participate in, acquiesce in or fail to take appropriate action after having personal knowledge of such acts, errors or omissions.

If a CLAIM has been concealed from US by an INSURED who was responsible for such CLAIM and which, but for such concealment, would have been covered, WE will cover any INSURED who did not participate in, acquiesce in or fail to promptly notify US after having personal knowledge of such concealment.

Provided, however, to be covered the INSURED must promptly notify US of such acts or concealment and otherwise comply with all policy provisions.  WE will have the right to recover against any INSURED responsible for any CLAIM EXPENSE or DAMAGES paid under this paragraph.

**EXTENDED REPORTING PERIOD OPTION**

The named INSURED may purchase extended reporting period coverage for CLAIMS arising out of any act, error or omission occurring on or after the PRIOR ACTS RETROACTIVE DATE and prior to the end of the POLICY PERIOD which are otherwise covered.  The period of extended reporting coverage will be 12 months following termination of this policy.  It will be annually renewable for five additional years at the option of the named INSURED upon payment of the premium determined by US in accordance with the rules and rates in effect during the POLICY PERIOD shown in Item 2 of the declarations.

Extended reporting period coverage is available or renewable only if:
   (1)   the named INSURED has paid all premium and deductible amounts due;
   (2)   the premium is paid within 30 days of the effective date or renewal date; and
   (3)   renewal coverage is not accepted by or offered to the named INSURED in Item 1 of the declarations.

**NOTICE OF CLAIMS**

In the event of a CLAIM, the INSURED must:
   (1)   give immediate written notice to US; and
   (2)   forward every demand, notice, summons or other communication received by the INSURED or his or  her representative to:
        Minnesota Lawyers Mutual Insurance Company
        333 South Seventh Street, Suite 2200
        Minneapolis, MN  55402
*In all events, you must give US notice during the POLICY PERIOD or extended reporting period in order for coverage to apply.*

**LIMIT OF LIABILITY**

The  per claim limit in Item 3 of the declarations is the maximum amount of OUR liability for all DAMAGES and CLAIM EXPENSE arising out of the same or related professional legal services without regard to the number of CLAIMS or claimants.

All CLAIM EXPENSE shall first be subtracted from the limit of liability, with the remainder, if any, being the amount available to pay money DAMAGES.

The aggregate limit in Item 3 of the declarations is the total amount of OUR liability for DAMAGES and CLAIM EXPENSE from CLAIMS first reported to US during the POLICY PERIOD or during the extended reporting period, if any.

The inclusion in this policy of more than one INSURED will not increase the limits of OUR liability.

| | | |
|---|---|---|
| **DEDUCTIBLE** | The limit of liability will apply in excess of the deductible. | **EXHIBIT 2** |

The deductible will be subtracted from the total amount of DAMAGES and CLAIM EXPENSE resulting from each CLAIM reported to US during the POLICY PERIOD.

The deductible is payable within 30 days of written demand and will be billed as incurred by US.

**REIMBURSEMENT TO MLM**

THE INSURED will be liable for amounts WE have paid in settlement of CLAIMS or satisfaction of judgments in excess of the limits of OUR liability. The INSURED will also be liable for amounts paid, including CLAIM EXPENSE, within the deductible. These amounts will be payable within 30 days of written demand.

**ARBITRATION**

If WE and the named INSURED disagree as to the interpretation, validity, construction or enforceability of this insurance policy, either party may make a written demand that these issues be determined by arbitration. In this event, each party shall select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days as to the identity of the third arbitrator, either party may request that the selection of the third arbitrator be made by a judge of District Court in Minnesota. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally.

Unless both parties agree otherwise, arbitration will take place in Hennepin County, Minnesota. A decision agreed to by two of the arbitrators will be binding. In the event this arbitration clause is inconsistent with the Uniform Arbitration Act, Minn. Stat. 572.08 to 572.30, the Uniform Arbitration Act statutes will apply.

**SUBROGATION**

To the extent of any payment under this policy, WE will be subrogated to all of the INSURED's rights of recovery. The INSURED will do whatever is necessary to secure such rights. The INSURED will do nothing to prejudice these rights.

**ACTION AGAINST US**

No action shall lie against US unless:
(1)  The INSURED has fully complied with all the terms of this policy and
(2)  The amount of the INSURED's obligation to pay has been finally determined by judgment after trial or by written agreement of the INSURED, the claimant and US.

No one may join US as a party to an action against the INSURED to determine the INSURED's liability under this policy. WE may not be impleaded by the INSURED. Bankruptcy or insolvency of the INSURED or his or her estate will not relieve US of any of OUR obligations.

**OTHER INSURANCE**

WE will not pay a greater proportion of settlements, judgments and CLAIM EXPENSES under this policy than OUR limit of liability bears to the total limits of liability of all policies covering a CLAIM.

**CANCELLATION OR NON-RENEWAL**

This policy may be canceled by:
(1)  The INSURED by giving US written notice stating when thereafter cancellation is to be effective. Ninety percent of the pro-rata unearned premium will be returned to the INSURED.
(2)  US with ten days written notice for non-payment of premium. WE will give you notice of premium due and the date due at least ten days before the effective cancellation date.

WE may cancel this policy during the term of the policy with 60 days written notice in accordance with state statutes regulating mid-term cancellation.

OUR written notice will be made by first class mail addressed to the named INSURED shown in Item 1 of the declarations or by delivery to the named INSURED's last known address. The effective date of cancellation stated in the notice will become the end of the POLICY PERIOD. Earned premiums will be computed pro-rata. Premium adjustments will be made as soon as practicable. OUR tender of unearned premium is not a precondition of cancellation.

WE may non-renew for any reason or no reason on 60 days notice prior to the expiration date of this policy.

Changes in the terms available on renewal will not be deemed to be a non-renewal of the policy.

| | | EXHIBIT 2 |
|---|---|---|

**REPRESENTATION IN APPLICATION**

The application for coverage is a part of this policy.

By acceptance of this policy the INSURED agrees:
(1)  the statements in the application are his or her representations;
(2)  this policy is issued in reliance upon the truth of such representations; and
(3)  this policy embodies all of the agreements between the INSURED, US and/or OUR agent.

**CHANGES**

The terms of this policy shall not be waived or changed, except by written endorsement provided by US.

Any additions to or deletions from the attorneys named in the application must be reported to US within 30 days. In the event of any such changes WE reserve the right to re-evaluate the risk and, at OUR option, take appropriate underwriting actions.

Any premium adjustments will be made on a pro-rata basis.

**ASSIGNMENT**

The INSURED may not assign this policy to any other person or entity.

**MUTUAL POLICY CONDITIONS**

The named INSURED is a member of Minnesota Lawyers Mutual Insurance Company and  shall participate in the distribution of dividends, to the extent and upon the conditions fixed  and determined by the Directors.

The named INSURED has one vote by virtue of this policy in the election of the Directors of MLM.

Policyholders are not assessable for the debts and obligations of the Company.

**NOTICE OF ANNUAL MEETING**

The policyholder named herein is hereby notified that while this policy is in force, he, she or it is by virtue hereof a member of Minnesota Lawyers Mutual Insurance Company and that the annual meeting of said company is held at the same time and place of the annual convention of the Minnesota State Bar Association.  The policyholder is the named INSURED in Item 1 of the declarations.

*In witness thereof*, WE caused this policy to be executed and attested.

By _____
John J. Bowden, Secretary

By _____
Joseph H. Bixler, President

MLM-2000 (06-2000)

EXHIBIT 2

# PROLEGIA

FROM MINNESOTA LAWYERS MUTUAL INS. CO.

*Issued by*

**MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY**

| Named Insured | Endorsement Number |
|---|---|
| | |

| Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|
| | | |

The above information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## DISTRICT OF COLUMBIA CHANGES ENDORSEMENT

This endorsement modifies insurance provided under the following sections of this policy:

**ARBITRATION**

The Arbitration section is deleted in its entirety and replaced with:

**ARBITRATION**

If WE and the named INSURED disagree as to the interpretation, validity, construction or enforceability of this insurance policy, either party may make a written demand that these issues be determined by arbitration. In this event, each party shall select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days as to the identity of the third arbitrator, either party may request that the selection of the third arbitrator be made by a judge of District Court in District of Columbia. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally.

Arbitration will take place at a mutually agreed upon location in District of Columbia. A decision agreed to by two of the arbitrators will be binding. In the event this arbitration clause is inconsistent with the Uniform Arbitration Act, District of Columbia Arbitration statutes will apply.

Words and phrases that appear in **all capital letters** have special meaning. Please refer to the *Definitions* section of the policy.

MLM-211(01-01) Page 1of 1

EXHIBIT 2

# PROLEGIA

FROM MINNESOTA LAWYERS MUTUAL INS. CO.

*Issued by*

## MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY

| Named Insured | Endorsement Number |
|---|---|
| | |

| Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|
| | | |

The above information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## ADDITIONAL INSURED ENDORSEMENT

The term INSURED includes the following individual(s), solely while acting in their professional capacity on behalf of the named INSURED:

**Sadao Kinashi**

Words and phrases that appear in <u>**all capital letters**</u> have special meaning. Please refer to the *Definitions* section of the policy.

MLM-74 (6-00) Page 1 of 1

EXHIBIT 2



**PROLEGIA**
FROM MINNESOTA LAWYERS MUTUAL INS. CO.

# <u>IMPORTANT – POLICY CORRECTIONS</u>
### Please attach this to your coverage form:

## <u>EXCLUSIONS</u>

This policy does not afford coverage for the following:
7) any CLAIM arising out of an INSURED's activities as an elected public official or as a salaried employee of a governmental body, subdivision or agency thereof, unless the CLAIM arises out of professional legal services rendered as a PART-TIME EMPLOYED ATTORNEY OF A GOVERNMENTAL BODY, SUBDIVISION OR AGENCY.

### Should be deleted and replaced in its entirety with the following:

This policy does not afford coverage for the following:
7) any CLAIM arising out of an INSURED's activities as an elected public official or as a salaried employee of a governmental body, subdivision or agency thereof, unless the CLAIM arises out of legal services rendered as a PART-TIME EMPLOYED ATTORNEY OF A GOVERNMENTAL BODY, SUBDIVISION OR AGENCY.

## <u>LIMIT OF LIABILITY</u>

The per claim limit in Item 3 of the declarations is the maximum amount of OUR liability for all DAMAGES and CLAIM EXPENSE arising out of the same or related professional legal services without regard to the number of CLAIMS or claimants.

### Should be deleted and replaced in its entirety with the following:

The per claim limit in Item 3 of the declarations is the maximum amount of OUR liability for all DAMAGES and CLAIM EXPENSE arising out of the same or related legal services without regard to the number of CLAIMS or claimants.

## <u>DEDUCTIBLE</u>

The limit of liability will apply in excess of the deductible.

The deductible will be subtracted from the total amount of DAMAGES and CLAIM EXPENSE resulting from each CLAIM reported to US during the POLICY PERIOD.

The deductible is payable within 30 days of written demand and will be billed as incurred by US.

### Should be deleted and replaced in its entirety with the following:

The limit of liability will apply in excess of the deductible.

The deductible will be subtracted from the total amount of DAMAGES resulting from each CLAIM reported to US during the POLICY PERIOD.

The deductible is payable within 30 days of written demand and will be billed as incurred by US.

## <u>REIMBURSEMENT TO MLM</u>

The INSURED will be liable for amounts WE have paid in settlement of CLAIMS or satisfaction of judgments in excess of the limits of OUR liability. The INSURED will also be liable for amounts paid, including CLAIM EXPENSE, within the deductible. These amounts will be payable within 30 days of written demand.

### Should be deleted and replaced in its entirety with the following:

The INSURED will be liable for amounts WE have paid in settlement of CLAIMS or satisfaction of judgments in excess of the limits of OUR liability. The INSURED will also be liable for amounts paid within the deductible. These amounts will be payable within 30 days of written demand.

MLM 2000 (06-2000) policy corrections ed. 5-03

phone 800.422.1370 / phone 612.341.4530
fax 800.305.1510 / fax 612.349.6865
*www.prolegia.com* / info@prolegia.com

2200 Accenture Tower
333 South Seventh Street
Minneapolis, MN 55402

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MINNESOTA LAWYERS MUTUAL          :
INSURANCE COMPANY                 :
                                  :
                                  :   Case: 1:07-cv-01038
          Plaintiff,              :   Assigned To: Urbina, Ricardo M.
                                  :   Assign Date: 6/11/2007
v.                                :   Description: Contract
                                  :
WESTERMAN, HATTORI, DANIELS &     :
ADRIAN, LLP                       :
                                  :
          Defendant.              :

## <u>ORDER</u>

Upon consideration of Defendant's Motion to Compel Arbitration and to Stay the

Complaint Pending Arbitration, it is this ___ day of _____, 2007,

**ORDERED** that Defendant's motion is GRANTED and that the Complaint is stayed.

_____
The Honorable Judge Ricardo M. Urbina

Copies to:

Philip H. Hecht                    Joseph F. Cunningham
Jonathan D. Borrowman              Cunningham & Associates, PLC
Sundeep R. Patel                   1600 Wilson Boulevard, Suite 905
KIRKPATRICK & LOCKHART             Arlington, VA 22209
   PRESTON GATES ELLIS LLP
1601 K Street, N.W.
Washington, D.C.  20006